# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**ANITA F. BOUIE,** *Individually, and on behalf of herself and others similarly situated,*

 Plaintiff,

v.   No._____

**ADVANCED SERVICES, INC.,**

Defendant.

     **FLSA Collective Action**
     **Rule 23 Class Action**
     **JURY DEMANDED**

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Anita F. Bouie ("Plaintiff"), individually and on behalf of other similarly situated current and former hourly-paid customer service representatives, brings this Fed. R. Civ. P. 23 class action and Fair Labor Standards Act ("FLSA") collective action against Advanced Services, Inc. ("Defendant"), and alleges as follows:

### I.   INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation owed to Plaintiff and other similarly situated customer service employees.

2. This lawsuit also is brought against Defendant as a Fed. R. Civ. P. 23 class action, alleging breach of contract under Tennessee state law.

### II.   JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

4. This Court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this District during all time material to this action. Also, Defendant regularly has conducted and continues to conduct business in this District, and has engaged and continues to engage in wrongful conduct in this District during all times material to this action.

### III.   CLASS DESCRIPTIONS

6. Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendant on behalf of the following similarly situated individuals:

> All hourly-paid customer service representatives who were employed by and worked for Defendant in the State of Tennessee during the six years preceding the filing of this Original Complaint (the "Rule 23 class").

7. Plaintiff brings this FLSA collective action on behalf of the following similarly situated persons:

> All hourly-paid customer service representatives who were employed by and performed work for the Defendant in the United States within the three (3) year period preceding the filing of the original Complaint and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). ("the FLSA Class").

### IV.   PARTIES

8. Plaintiff Anita F. Bouie was employed by and worked for Defendant as an hourly-paid customer service representative during all times material to these actions. Ms. Bouie's Consent to Join the FLSA collective action herein is attached hereto as *Exhibit A*.

9. Defendant Advanced Services, Inc. is a Tennessee Corporation with its national headquarters located at Appliance Park (AP2-225), Louisville, Kentucky 40225-0001. Its registered agent for service of process is CT Corporation, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

### V.  COVERAGE

10. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Complaint.

11. Plaintiff and those similarly situated are/have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, who worked for Defendant within the territory of the United States during the relevant time period.

12. Defendant was responsible for setting and administering all wage and compensation policies and practices related to Plaintiff and the classes during all times material.

13. Defendant is and has been an "enterprise" as defined within section 203(r)1 of the FLSA during this relevant time period.

14. Defendant has been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.

### VI.  FACTS

15. Defendant is one of the largest customer service businesses in the world with over 1400 clients and 50 branches in the U.S., according to its website.

16. Plaintiff performed customer service work for Defendant during all times material herein.

17. Plaintiff and those similarly situated performed work for Defendant in excess of 40 hours per week within weekly pay periods when adding all their unpaid "off the clock" and "edited-out" wages, as addressed below.

18.     Defendant did not compensate Plaintiff and those similarly situated at the applicable FLSA overtime compensation rates of pay for all hours performed over 40 within weekly pay periods during all times material.

19.     Defendant did not compensate Plaintiff and those similarly situated for all hours worked consistent with their respective wage contracts with Defendant for the payment of agreed-upon wages.

20.     Defendant had a common plan and practice of requiring, inducing, expecting, and/or suffering and permitting, plaintiff and those similarly situated to perform work related duties "off the clock", without being compensated for such work, in order to save cost, increase profits and stay within or below budgeted labor – all at the expense of Plaintiff and those similarly situated.

21.     Defendant also had a common plan and practice of failing to record into its time keeping system or "editing out" portions of the work performed by Plaintiff and those similarly situated that occurred during their assigned shifts.

22.     Defendant either "edited-out" or failed to record all of the "off the clock" compensable work hours of Plaintiff and those similarly situated in a variety of ways, *inter alia*:

(a) Unrecorded and uncompensated pre-shift "off the clock" work-related time, such as pulling up work-related apps, reviewing work-related messages, attending to computer technical issues, "booting-up" and activating work-related computers, linking work-related computers to Defendant's "work systems, etc.: and,

(b) Unrecorded and uncompensated work time during their assigned shifts when being required to be in the presence of Defendant's work-related computers and "work systems" while such computers and "work systems" were deactivated because of malfunctions, technical issues and other anomalies - and then being required to "wait"

in the presence of such computers and "work systems" until they were re-activated and functioning again.

23. Prior to the COVID-19 Pandemic in 2020, Plaintiff and those similarly situated worked at the offices of Defendant during their assigned shifts and were compensated when Defendant's computers and "work systems" were deactivated because of malfunctions, technical issues or other anomalies during their shifts.

24. Since the beginning of the COVID-19 Pandemic, Plaintiff and those similarly situated have been required to work "remotely" from their homes with the use of company-provided computers linked to Defendant's "work systems."

25. However, since working "remotely," they have not been paid for the time during which Defendant's "work systems" malfunctioned and experienced technical issues and anomalies during their assigned shifts.

26. Defendant has been aware that it has not compensated Plaintiff and those similarly situated for all hours worked within weekly pay periods at the applicable FLSA overtime rates of pay for all their "off the clock" and "edited-out" compensable time.

27. Defendant also has been aware that by failing to compensate Plaintiff and those similarly situated for all their "off the clock" and "edited-out" compensable time, it has breached its wage contracts with them for the payment of all work hours and unjustly enriched itself at their expense.

28. The unpaid overtime compensation claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

29. Defendant's plan and practice of failing to pay Plaintiff and those similarly situated all the overtime compensation owed them was willful with reckless disregard to the FLSA overtime requirements, and without a good faith basis.

30. The net effect of Defendant's failure to pay Plaintiff and those similarly situated all the compensation owed them was to unjustly enrich itself and enjoy ill-gotten profits at the expense of Plaintiff and those similarly situated.

31. Therefore, Plaintiff and others similarly situated are entitled to a recovery of all the overtime and contractual compensation owed them, liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendants that is available to them under the FLSA.

## VII. RULE 23 BREACH OF CONTRACT CLASS ACTION ALLEGATIONS

32. Plaintiff brings this case as a Fed. R. Civ. P. 23 class action on behalf of herself, individually, and on behalf of other potential class members to recover the above referenced unpaid contractual wages owed to them.

33. The precise number of Rule 23 class members is not known as of this time but believed to be more than 500. The exact number of such class members can easily be ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

34. Common questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

   (a) Whether a unilateral contract existed between Defendant and Plaintiff and the putative Rule 23 class;

   (b) Whether Plaintiff and other members of the Rule 23 class are entitled to the specified contractual wages promised them by Defendant under the Tennessee statutory and common law of contracts, quantum meruit and/or unjust enrichment.

   (c) Whether Defendant paid Plaintiff and other members of the Rule 23 class all the wages owed them within weekly pay periods during the relevant time period

    herein.

 (d) Whether the Defendant unlawfully breached its wage agreements with Plaintiff and members of the Rule 23 class;

 (e) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for the putative Rule 23 class;

35. Pursuant to the allegations above, Plaintiff's claims are typical of Rule 23 class claims.

36. Their claims arose from the same Defendant's actions or inactions herein and the claims are based on the same legal theories.

37. The individuals in the Rule 23 class, as identified above, are so numerous that joinder of all members is impracticable.

38. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

39. Plaintiff is an adequate class representative.

40. Plaintiff was an hourly-paid customer service representative of Defendant who, like other members of the Rule 23 class, was not paid specified wages for the all hours worked within weekly pay periods during all relevant periods of time herein. (Therefore, Plaintiff has an interest in seeking recovery for the same types of damages that members of the Rule 23 class would seek.)

41. Plaintiff's unpaid wage claims are typical of those claims which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

42. All the Rule 23 class members are/were subject to the same plans and practices of Defendant in its failure to pay all contractually agreed-upon wages.

43. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of breach of contract litigation, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

44. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions produce.

45. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings of these costs.

46. Although the relative damages suffered by individuals in the class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

47. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

48. Plaintiff knows of no conflict of interest she has with the class of employees who worked for Defendant.

49. Plaintiff has hired the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue these claims. The Jackson, Shields, Yeiser, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state contractual laws.

50. The firm has represented numerous other employees asserting unpaid contractual wage claims.

51.     Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage plans and practices implemented by Defendant unless resolved by this action.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
**(On Behalf of the FLSA Class)**

52.     Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

53.     At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

54.     Plaintiff and the FLSA Class are similarly situated because they have been deprived of the applicable FLSA overtime compensation as a result of Defendant's common compensation plans and practices.

55.     Because of Defendant's failure to pay Plaintiff and other members of the FLSA Class for all hours worked within weekly pay periods at the applicable FLSA overtime compensation rates of pay for all hours over 40 per week, it has violated the Act.

56.     During the relevant time period herein, Defendant's common plan and practice of willfully failing to pay Plaintiff and members of the FLSA Class at the applicable FLSA overtime compensation rates of pay has resulted in Plaintiff and FLSA Class members' claims being unified through a common theory of Defendants' FLSA violations.

57.     Defendant has had actual knowledge of willfully refusing to pay Plaintiff and other members of the FLSA Class for all the applicable FLSA overtime compensation to which they are entitled, during all times material to this collective action

58.     Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

59. Defendant's violations are without a good faith basis.

60. Plaintiff and the other members of the FLSA Class are therefore entitled, and hereby seek, to recover compensation for unpaid overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION VIOLATIONS– BREACH OF CONTRACT
**(On Behalf of the Rule 23 Class)**

61. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

62. Plaintiff asserts Rule 23 class breach of contract claims because Defendant entered in to valid and enforceable contracts with them pursuant to Tennessee law.

63. Defendant offered to compensate Plaintiff and other members of the Rule 23 class a specified hourly wage within weekly pay periods for all work performed on its behalf.

64. Plaintiff and other members of this Rule 23 class accepted Defendant's offer to pay them a specified hourly wage for all work performed within weekly pay periods by performing such work – during all times material.

65. However, Defendant breached its obligations under the said contracts by failing to pay Plaintiff and other Rule 23 class members the agreed-upon hourly compensation for all such hours they performed.

66. In the alternative to the breach of contract class claims, Plaintiff asserts a quantum meruit/unjust enrichment claim that she and each member of the proposed Rule 23 class provided valuable services to Defendant, that Defendant accepted their services, and Defendant had reasonable notice that class members expected to be compensated for their work time on its behalf.

67. The reasonable value of the services provided and not paid for by Defendant are consistent

with the additional hourly rate of pay promised Plaintiff and members of the Rule 23 class because Defendant benefitted to such degree or more from the work they performed.

68.     Plaintiff and members of the Rule 23 class complained to Defendant for their failure to pay them for all their work and service time, but to no avail.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the classes, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims;

B. For an Order finding Defendant liable under the FLSA for unpaid overtime compensation due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

C. For certification of and notice to the FLSA Class and Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

D. An award of damages associated with Defendants' breach of contract claims or, in the alternative, damages associated with their quantum meruit/unjust enrichment claims.

E. An award of all contractually agreed-upon wages;

F. For an Order finding that Defendant's violations of the FLSA were willful.

G. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the classes;

H. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the classes.

I.    Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

September 30, 2022                        Respectfully Submitted,

                                                        */s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for the Plaintiff and the Classes*